IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACOPA-ALEJANDRE NACIP and MARIA MAGALLANES,<br>    Plaintiffs,<br><br>             v.<br><br>MIKELL PIERRE; CRST EXPEDITED, INC. d/b/a CRST THE TRANSPORTATION SOLUTION, INC.; ACE AMERICAN INSURANCE COMPANY; and ABC CORPORATION(S),<br>    Defendants. | Civil Action No.<br>1:22-cv-04735-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Mikell Pierre; CRST Expedited, Inc. D/B/A CRST The Transportation Solution, Inc. (CRST); and Ace American Insurance Company's (ACE) motion to dismiss [ECF 2]. The motion is **DENIED**.

**I.   Background**[1]

On or about September 26, 2020, Plaintiffs Acopa-Alejandre Nacip and Maria Magallanes, husband and wife, were driving westbound on I-285 in Fulton

---

[1]   "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999).

County, Georgia.[2] Pierre was driving a tractor-trailer owned by CRST, traveling in the same direction on I-285.[3] Pierre attempted to change lanes, and the tractor-trailer struck Plaintiffs' car.[4] On November 1, 2021, Pierre was adjudicated guilty in the Municipal Court of College Park, Georgia for his failure to maintain lane.[5] Plaintiffs filed this civil action on October 28, 2022, in the State Court of Fulton County, Georgia.[6]

Defendants removed the case to this Court on November 30, 2022.[7] On December 7, they moved to dismiss.[8] The motion is now ripe for adjudication.

**II.   Discussion**

Plaintiffs assert various negligence-based personal injury claims and a claim for loss of consortium.[9] Defendants argue that the personal injury claims are subject to a two-year statute of limitations and are time-barred,[10] and that the

---

[2]   ECF 1-1, ¶ 7.

[3]   *Id.* ¶ 8.

[4]   *Id.* ¶ 10.

[5]   *Id.* ¶ 13.

[6]   *Id.*

[7]   ECF 1.

[8]   ECF 2.

[9]   *See generally* ECF 1-1.

[10]  ECF 2, at 2.

derivative loss of consortium claims are likewise precluded.[11] Plaintiffs respond that the statute of limitations for a personal injury claim arising from a qualifying criminal act is tolled until the prosecution of the underlying criminal act concludes.[12] They reason that because Pierre's moving violation is a qualifying criminal act, their time to file this case was tolled until he was adjudicated guilty, and they timely filed suit thereafter. Plaintiffs are correct.[13]

Plaintiffs rightly note that under Georgia law,

> [t]he running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such crime does not exceed six years.

O.C.G.A. § 9-3-99. This code section applies to torts arising from violations of the Uniform Rules of the Road. *Beneke v. Parker*, 285 Ga. 733, 734 (2009). So, where, as here, a defendant is charged with a traffic violation, the time to assert any tort

---

11   *Id.* (citation omitted).
12   ECF 5, at 2–3.
13   *Id.* at 3.

claim arising from the violative conduct is tolled until the prosecution is no longer pending. *Williams v. Durden*, 347 Ga. App. 363, 365 (2018) (citations omitted).

Under Georgia law, personal injury claims must be brought within two years of when the right of action accrues. O.C.G.A. § 9-3-33. The running of the period of limitations for Plaintiffs' personal injury claims was accordingly tolled until November 1, 2021, when Pierre was adjudicated guilty for his violation of the Uniform Rules of the Road. At that point, the two-year clock on Plaintiffs' personal injury claims began ticking. And Plaintiffs brought their claims on October 28, 2022, less than one year later. The claims are timely.

### III. Conclusion

The motion to dismiss [ECF 2] is **DENIED**. Defendants are **DIRECTED** to file their answer to the Complaint within 14 days from entry of this Order. Further, the Local Rules provide that counsel must file a certificate of interested persons or corporate disclosure statement at the time of first appearance. NDGa, LR 3.3. A review of the docket in this action indicates that Defendants have not complied with this requirement. Within five days of this Order, Defendants **ORDERED** to file their certificate of interested persons and corporate disclosure statement.

The parties are **FURTHER DIRECTED** to conduct their Rule 26(f) conference within 14 days from the date Defendants file their answer, and the

parties shall serve their initial disclosures and submit a Joint Preliminary Report and Discovery Plan within 30 days from the date Defendants file their answer. Discovery will commence 30 days after Defendants file their answer.

**SO ORDERED** this 28th day of August, 2023.

_____
Steven D. Grimberg
United States District Court Judge